296 Ga. 634
FINAL COPY

S15Y0285. IN THE MATTER OF WESLEY KENT HILL.

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Wesley Kent Hill (State Bar No. 211062), in which he seeks to resolve a grievance submitted by two former clients. In his petition, Hill admits that he violated Rules 1.3, 1.4 and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). He requests that the Court impose an indefinite suspension of no less than six months on his ability to practice law, with conditions for reinstatement. The State Bar has no objection to Hill's petition.

In his petition Hill admits that a couple paid him a $3,000 retainer and agreed to pay $300 a month during the course of the proceedings regarding the foreclosure of their home. Hill filed a complaint for injunctive relief to set aside the foreclosure, represented the clients in a dispossessory proceeding and attempted to negotiate a resolution that would allow them to remain in their home. The bank removed the case to federal court and filed a motion to dismiss. Hill concluded that the case would not survive the motion to dismiss, but he did

not respond to the motions or tell his clients that the case had been removed; instead, he led them to believe the case was still in state court and that he was taking actions to protect their interests. The family eventually was evicted. Hill also failed to respond to a fee arbitration dispute, and an award was entered in favor of the clients in the amount of $4,700. In the petition Hill states that he has suffered from depression and anxiety since 1991, for which he has been under continual treatment. Although he has been compliant with recommended treatment, his symptoms of generalized anxiety disorder and major depressive disorder are exacerbated with life and work stressors. Hill says that while representing these clients, he went through a difficult time managing his condition, became overwhelmed, and experienced a paralysis that kept him from taking appropriate actions. Hill has realized that he is not currently able to adequately manage the stressors inherent in the practice of law, and that it is not in the interest of his health or of his clients that he attempt to do so. Hill ceased practicing law in or about May 2013, closed his office and moved to South Carolina to focus on his health. Hill states that he sincerely regrets his conduct and has satisfied the arbitration award by tendering the award to the Committee on the Arbitration of Attorney Fee Disputes. In addition to an indefinite

suspension of no less than six months, Hill agrees to condition his reinstatement upon a thorough psychological or psychiatric evaluation indicating that he is no longer suffering from an impairment that affects his ability to practice law, that such evaluation will be performed at his expense by a physician acceptable to the State Bar, and that he will waive any confidentiality or privilege with regard to the evaluation. The State Bar confirmed that Hill has paid the fee arbitration award, that he has no previous disciplinary history, and that he has been cooperative and forthcoming in these proceedings.

Having reviewed the record, we conclude that acceptance of Hill's petition for voluntary discipline is appropriate given his mental health issues. Accordingly, we accept the petition and direct that Wesley Kent Hill be suspended indefinitely from the practice of law in the State of Georgia. We further determine that his reinstatement is subject to the following conditions: (1) Hill shall not seek reinstatement any earlier than six months from the date of this opinion; (2) In connection with any petition for reinstatement, he shall submit a psychological or psychiatric evaluation indicating that he is no longer suffering from an impairment that affects his ability to practice law. Such evaluation will be performed at his expense by a physician acceptable to the

State Bar, and Hill will waive any confidentiality or privilege with regard to the evaluation; (3) He shall submit his petition for reinstatement to the Review Panel for issuance of a report and recommendation to this Court; and (4) He shall not undertake the practice of law until this Court issues an opinion granting or denying his petition for reinstatement, see In the Matter of Fair, 292 Ga. 308 (736 SE2d 430) (2013).

Hill is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Indefinite suspension with conditions for reinstatement. All the Justices concur.

Decided February 16, 2015.

Suspension.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.